UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIN SANTOS REYES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-04397-DAD-SCR (HC)<br><br>ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL BRIEFING |

On June 8, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus and a motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On June 9, 2026, the court issued an order that set a briefing schedule on the pending motion and ordered that pending resolution of the motion for temporary order respondent was not to "take any action to remove petitioner from the United States or to move petitioner out of the Eastern District of California."  (Doc. No. 7.)

On June 10, 2026, respondent filed an opposition to the pending motion for temporary restraining order.  (Doc. No. 8.)  In that opposition, respondent states that petitioner is subject to a final order of removal and was scheduled to be removed to Guatemala on June 10, 2026, but that this court's order prevented that removal from occurring.  (*Id.* at 1.)  Respondent urges the court to lift its prior order prohibiting the government from transferring or removing petitioner and argues that this court lacks jurisdiction to enjoin the execution of petitioner's removal order.  (*Id.*

1

at 2–3.)  Respondent further represents that "[o]n June 9, 2026, at approximately 0500 hours,[1] Petitioner was transferred from the Golden State Annex detention facility in McFarland, California to the East Montana Staging Camp in El Paso, Texas" where petitioner currently remains pending further order of this court.  (*Id.* at 2.)  Respondent insists in conclusory fashion that petitioner was lawfully detained to execute his final order of removal.  (*Id.* at 1 n.1.)  However, respondent's arguments are completely conclusory and not adequately supported by any of the documents attached to that opposition.  Because of respondent's deficient showing in support of its contentions, supplemental briefing will be ordered.

It does appear that petitioner has been subject to a final order of removal since 2011 when the Board of Immigration Appeals ("BIA") dismissed his appeal and affirmed an Immigration Judge's ("IJ") order that petitioner be removed to Guatemala.[2]  (Doc. No. 8-2 at 6.)  However, respondent has provided no explanation as to why the government failed to remove petitioner following the BIA's dismissed of his appeal in 2011, some fifteen years ago.[3]  Additionally, the Form I-213 documentation that respondent has submitted with its opposition reveals that petitioner was apprehended by Immigration and Customs Enforcement ("ICE") officials on or about May 26, 2026, outside of his apartment complex.  (Doc. No. 8-1 at 2.)  Respondent does not address whether petitioner was previously released from immigration custody after his removal order became final, or whether petitioner's May 26, 2026 arrest complied with the

---

[1]  The court issued its order prohibiting petitioner's removal or transfer at 3:30 p.m. on June 9, 2026.  If respondent's representations are accurate, then petitioner was transferred out of the Eastern District of California several hours before the court issued its order requiring that he not be moved.

[2]  The IJ's order granted petitioner voluntary departure and alternatively ordered petitioner removed if he failed to comply with the conditions set forth in the IJ's order granting voluntary departure.  (Doc. No. 8-2 at 6–13.)  The BIA found that petitioner failed to comply with the conditions of his voluntary departure and concluded that the IJ's alternative order of removal was therefore effective.  (*Id.* at 5.)

[3]  The Form I-213 also reports that petitioner was served a notice of violation and a civil penalty of $1,820,352.00 on April 28, 2026.  (Doc. No. 8-1 at 3.)  Based on this information, it appears that the government was aware of petitioner's whereabouts for at least one month prior to his arrest outside of his apartment.  Respondent is directed to provide a more detailed explanation of these circumstances in the supplemental briefing.

2

government's regulations, which would implicate due process concerns. The court has previously addressed those concerns, stating:

> [H]ere, ICE failed to provide petitioner with proper notice of this justification for her detention. To the extent that the reason for revocation of release was a change in the foreseeability of petitioner's removal, the notice provided to petitioner was deficient. In this regard, a vague assertion that after a review of petitioner's file, ICE determined petitioner could be expeditiously removed is insufficient to constitute adequate notice.

*Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, at *5 (E.D. Cal. Dec. 2, 2025). Further, other than the conclusory statement that such is the case respondent has not offered any evidence that petitioner was actually scheduled to be removed to Guatemala on June 10, 2026. Finally, respondent has filed a document with the court labeled simply "EADM" that appears to indicate petitioner was booked into the East Montana camp on June 9, 2026 at 3:03 p.m., but respondent has failed to explain what this document is or how it relates to respondent's opposition. (Doc. No. 8-3.) Accordingly, the court finds respondent's argument to raise more questions than it answers. The court cannot even conclude whether petitioner was transferred out of the Eastern District of California before the court issued its order on June 9, 2026, due to the lack of evidence presented by respondent.

At this point, the circumstances surrounding petitioner's detention and removal status remains a mystery because of respondent's failure to adequately corroborate respondent's various representations. Because of these deficiencies, the court is also unable to conclude whether petitioner's current detention is lawful or whether petitioner's removal is indeed likely to occur in the foreseeable future.

Accordingly, respondent is directed to file supplemental briefing **no later than June 12, 2026 at noon** addressing: (1) why the government failed to remove petitioner between 2011 and 2026; (2) whether petitioner was subject to immigration detention or any conditions of supervision after he was ordered removed; (3) any contact that petitioner had with immigration officials between the BIA's dismissal of his appeal in 2011 and his arrest on or about May 26,

/////

/////

2026; and (4) whether petitioner was actually scheduled to be removed to Guatemala on June 9, 2026. Respondent is further directed to file supporting evidence corroborating the representations that respondent makes in the supplemental briefing.

IT IS SO ORDERED.

Dated:    **June 11, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE