UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SELVIN SANTOS REYES,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No.  1:26-cv-04397-DAD-SCR (HC)

ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On June 8, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* challenging his detention by Immigration and Customs Enforcement ("ICE") (Doc. No. 1) and a motion for temporary restraining order arguing that his detention without notice and a hearing violated due process.  (Doc. No. 2.)  On June 10, 2026, respondent filed an opposition to the pending motion.  (Doc. No. 8.)  On June 11, 2026, the court issued an order directing respondent to file supplemental briefing addressing representations made in respondent's opposition to the pending motion.  (Doc. No. 9.)  Specifically, the court had concern that while respondent stated that petitioner was lawfully detained in order to execute his removal order and was scheduled to be removed to Guatemala on June 10, 2026, respondent had not:  (1) indicated whether petitioner was previously subject to an order of release on supervision after he was ordered removed; (2) explained why respondent failed to remove petitioner in the 15 years between 2011 when his

1

removal order became final and 2026 when he was arrested by immigration authorities; or (3) offered any evidence to support the assertion that petitioner was scheduled to be removed on June 10, 2026.  (Doc. No. 9.)

On June 12, 2026, respondent filed supplemental briefing in response to the court's order fully addressing the court's questions.  (Doc. No. 10.)  In support of that supplemental briefing, respondent also submitted the sworn declaration of Supervisory Detention and Deportation Officer Brandon J. Boyd ("Boyd"), a copy of the warrant of removal issued for petitioner on May 26, 2026, and a copy of the Ninth Circuit Court of Appeal's order dismissing petitioner's petition for review.  (Doc. Nos 10-1; 10-3; 10-4.)

Respondent's submission establishes that petitioner was originally encountered by immigration authorities at the San Francisco country jail on January 31, 2007.  (*Id.* at ¶ 6.)  He was subsequently transferred to immigration custody, placed in removal proceedings, and released on bond on September 19, 2007.  (*Id.* at ¶¶ 6–7.)  On July 27, 2009, an immigration judge ("IJ") granted petitioner voluntary departure and alternatively held that if petitioner failed to depart the United States by September 25, 2009, he would be ordered removed to Guatemala. (*Id.* at ¶ 8.)  Petitioner appealed the IJ's order to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on February 23, 2011.  (*Id.* at ¶¶ 8–9.)  On March 7, 2011, petitioner filed a petition for review of the BIA's dismissal with the Ninth Circuit Court of Appeals and received a stay of his removal order.  (*Id.* at ¶ 10.)  On June 28, 2011, the Ninth Circuit denied petitioner's petition for review.  (*Id.* at ¶ 11.)  On August 22, 2011, the Ninth Circuit issued the mandate which terminated the temporary stay on petitioner's removal.  (Doc. No. 10-4 at 3.)  On October 12, 2011, petitioner breached his release on bond by failing to report to immigration authorities for removal.  (*Id.* at ¶ 13.)

In his declaration, Officer Boyd states that immigration authorities did not have any contact with petitioner after the BIA dismissed his appeal until ICE arrested him on May 26, 2026.  (*Id.* at ¶ 14.)  After he was arrested in May 2026, petitioner was immediately allocated for

/////

/////

2

a removal flight to Guatemala by June 14, 2026.[1]  (*Id.* at ¶ 17.)  On June 9, 2026, petitioner was transferred from the Golden State Annex detention facility at approximately 5:00 a.m. to the East Montana Camp in El Paso, Texas where he arrived at approximately 3:03 p.m.  (*Id.* at ¶ 18.) Petitioner was scheduled to be removed to Guatemala on June 10, 2026, but because this court issued an order enjoining respondent from transferring petitioner out of the Eastern District of California or removing him from the United States, his removal was cancelled and petitioner was transferred back to the Golden State Annex detention facility pending the court's resolution of his motion for temporary restraining order.  (*Id.* at ¶¶ 19–20.)  Respondent requests that the court deny petitioner's motion for temporary restraining order and terminate the court's prior order prohibiting the government from transferring petitioner out of the Eastern District of California or removing him from the United States.  (Doc. No. 8 at 3.)  Further respondent states that it "submits that the Petition for Writ of Habeas Corpus should be dismissed or denied because Petitioner has not and cannot show that his detention is unlawful or unconstitutional."  (*Id.*)  In light of the supplemental briefing submitted and because respondent does not state that it opposes ruling directly on the merits, the court will rule on petitioner's petition at this time.

"The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any order of removal."  *Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025).  Detention during this removal period is mandatory.  8 U.S.C. § 1231(a)(2).  However, noncitizens who have been deemed inadmissible pursuant to 8 U.S.C. § 1182 "may be detained beyond the removal period[.]"  8 U.S.C. § 1236(a)(6).  "A six-month period of detention is presumptively reasonable."  *Vlasov v. Bondi*, No. 25-cv-01342-AJB-MSB, 2025 WL 2258582, at *2 (S.D. Cal. Aug. 7, 2025) (quoting *Zadvydas*, 533 U.S. at 701).

/////

---

[1]  Officer Boyd declares that the exact date and time of petitioner's removal is "considered confidential" so that no further information regarding petitioner's previously-scheduled flight to Guatemala can be disclosed. (Doc. No. 10-1 at ¶ 17.)

3

Here, petitioner's removal order has been final for over ten years, so the 90-day mandatory detention period has long since expired. However, petitioner was ordered removed pursuant to § 1182 (Doc. No. 8-2 at 3, 6), and as a result the government is statutorily authorized to detain him beyond the 90-day mandatory detention period. Petitioner's case admittedly presents an unusual situation. He was never placed into immigration custody after his removal order was entered because he failed to report for removal proceedings in 2011 after the Ninth Circuit dismissed his petition for review and he fell out of contact with immigration authorities until May 26, 2026 when he was re-detained for the first time since 2007. As of the date of this order, petitioner has been in post-removal detention for approximately one month. Based on the evidence before it, the court concludes that petitioner's re-detention without notice and a hearing was lawful under the circumstances of this case. *Romero v. Noem*, No. 26-cv-01884-MMG, 2026 WL 775847, at *3–6 (S.D.N.Y. Mar. 19, 2026) (concluding that the government was statutorily authorized by § 1231(a)(6) to detain a non-citizen to effectuate their removal order without notice and a hearing where that noncitizen was not previously detained during the 90-day detention period because he had absconded for several years and that his detention for less than two weeks did not violate due process).

Accordingly, the court cannot conclude that petitioner is entitled to *habeas* relief at this time.[2]

For the reasons above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is DENIED without prejudice to renewal in the event petitioner's detention at some point becomes prolonged;

---

[2] Although the petition explicitly asserts only one claim pursuant to the Due Process Clause of the Fifth Amendment, petitioner has also alleged a number of facts regarding his family's circumstances that he contends justify giving him a second chance to stay in the United States. (Doc. No. 1 at ¶ 23.) To the extent petitioner's request seeks an order enjoining the execution of his removal order, this court is jurisdictionally barred from doing so. *See* 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders); *see also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

2.  Petitioner's motion for temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 3), and motion to appoint counsel (Doc. No. 4), are DENIED as having been rendered moot by this order;

3.  The court's prior order prohibiting respondent from transferring petitioner out of the Eastern District of California or removing him from the United States is dissolved; and

4.  The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:  **July 1, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE